UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| FENTON MCKENZIE, )  </br>     )  </br>     Plaintiff,    ) Civil Action No. 5:06-222-JMH </br>     ) </br> v.    ) </br>     ) </br> COMMONWEALTH OF KENTUCKY ) </br> CABINET FOR JUSTICE AND   ) **MEMORANDUM OPINION AND ORDER** </br> PUBLIC SAFETY, et al.,    ) </br>     ) </br>     Defendants.    ) </br>     ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Before the Court is the motion for summary judgment filed by Defendants Commonwealth of Kentucky, Justice and Public Safety Cabinet; Richard L. Smith, individually and in his official capacity; and Nathan R. Olin, individually and in his official capacity [Record No. 23]. Both parties have filed their briefs, and this matter is ripe for review.

The following facts are not in dispute. On September 16, 2003, Plaintiff Fenton McKenzie was detained and arrested while traveling on Interstate 75 in Scott County, Kentucky, by Vehicle Enforcement Officer Nathan Olin. Following his arrest, McKenzie was cited for violating KRS § 189.231 (disregarding a traffic control device) and KRS § 281.600 (refusal of inspection). On July 22, 2004, the Scott County District Court granted a suppression motion and dismissed these charges. A subsequent appeal was denied on June 22, 2005. On June 21, 2006, McKenzie filed this action in

1

the Scott County Circuit Court, claiming that he was illegally detained and a victim of excessive force under 42 U.S.C. § 1983 and under Kentucky law. The defendants removed the action to this Court on July 10, 2006.

This action is barred by the statute of limitations. In § 1983 actions, federal law looks to the personal-injury statute of limitations of the state in which the cause of action arose. *Wallace v. Kato*, ---- U.S. ----, 127 S.Ct. 1091, 1094 (2007). "In Kentucky, an action for injury to a person, for arrest, or for malicious prosecution 'shall be commenced within one (1) year after the cause of action accrued.'" *Fox v. DeSoto*, ---- F.3d ----, 2007 WL 1584212, at *3 (6th Cir. 2007) (citing KRS § 413.140(1)).

State law claims for false arrest and imprisonment generally accrue at the time of the arrest. *Id.* "[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace*, 127 S.Ct. at 1095. Under federal law, accrual occurs "when the plaintiff has a complete and present cause of action . . . , that is, when the plaintiff can file suit and obtain relief." *Id.* (internal citations omitted). "A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest," and "a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox*, 2007 WL 1584212, at *3 (citing *Wallace*, 127 S.Ct. at 1095-

96).[1]

Plaintiff's § 1983 claim for excessive force and his state law claims accrued at the time of the arrest, on September 16, 2003. At the very latest, Plaintiff's § 1983 false arrest claim accrued when the state court criminal proceedings began. Formal criminal proceedings started no later than July 22, 2004, when the Scott County District Court held a suppression hearing and dismissed the charges against McKenzie. Since all these events occurred more than one year before this case was filed, Plaintiff's claims are time-barred. Accordingly,

**IT IS ORDERED:**

(1) That the defendants' motion for summary judgment [Record No. 23] be, and the same hereby is, **GRANTED.**

(2) That Plaintiff Fenton McKenzie's complaint against Defendants Commonwealth of Kentucky, Justice and Public Safety Cabinet; Richard L. Smith, individually and in his official capacity; and Nathan R. Olin, individually and in his official capacity, be, and the same hereby is, **DISMISSED WITH PREJUDICE.**

---

[1] Plaintiff argues that *Heck v. Humphrey*, 512 U.S. 477 (1994), requires deferred accrual of false arrest and excessive force claims until the underlying criminal action has been adjudicated. This position was squarely rejected by the Supreme Court. *See Wallace*, 127 S.Ct. at 1097-99; *see also Fox*, 2007 WL 1584212, at *5 (observing that *Wallace* rejected "both the argument that the statute of limitations on a false arrest claim should begin only after 'an anticipated future conviction . . . occurs and is set aside,' and that the statute of limitations on such a claim should be tolled until an anticipated future conviction is set aside") (internal citations omitted).

3

This the 3rd day of July, 2007.



Signed By:
*Joseph M. Hood*
United States District Judge